IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND,
SOUTHERN DIVISION
SITTING AT GREENBELT

| | | |
|---|---|---|
| THIRD DEGREE FILMS, INC., | * | |
| Plaintiff | * | |
| | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 11-CV-03006-AW |
| | * | |
| | * | |
| DOES 1-118, | * | |
| | * | |
| Defendants | * | |

## MOTION TO QUASH A SUBPOENA

Now comes Doe 52, though Counsel, Walter S. Booth and the Law Office of Walter S. Booth and moves to Quash the Subpoena and states in support as follows:

1. Pursuant to Federal Rule Civil Procedure 45(c)(3)(A), Doe 52 files this Motion to Quash a Subpoena, served on Comcast, because the subpoena requires disclosure of protected information and subjects Doe 52 to undue burden. Additionally, the subpoena seeks information that is not relevant given the Plaintiff's inability to link Doe 52 to alleged infringing activity.

2. Plaintiff has filed suit against 118 unnamed Doe defendant, who are not identified in its Complaint, and who are identified only by internet protocol address (IPs).

3. The Plaintiff alleges that these Doe Defendants have obtained an adult video in violation of Plaintiff's copyright.

4. Doe 52 is a senior citizen over 75 years of age, who subscribes to Comcast. Plaintiff served a subpoena on Comcast to compel the disclosure documents to identify the name,

address, telephone number and e-mail address of Doe 52, among others, so that Doe 52 could be named as a Defendant.

5. Doe 52 has standing to move to quash the subpoena because it seeks disclosure of personal identification. Doe 52 also has standing to move to quash subpoena to protect reputational interest, as the Plaintiff, Third Degree Films, is a purveyor of pornography. To the best of Doe 52's belief, no defendants have been identified at this time, nor have they been served with process or answered the Complaint.

6. Thus, the original Complaint lacks personal jurisdictions over any other Does at this point in time. The Court lacks personal jurisdiction over Doe 52.

7. Plaintiff filed an application for early discovery so that it could serve subpoenas on ISPs, such as Comcast. Pursuant to Comcast's letter, (See Exhibit A), the Does have until December 12, 2011 to file a Motion to Quash in the United States District Court for the District of Maryland, Southern Division.

8. The Complaint by Third Degree Films and request for discovery is just another wave in massive suits in which Plaintiffs seek to tag a defendant based solely on an IP address. An IP address is not equivalent to a person or entity, nor is it identifiable, such as a fingerprint or DNA evidence.

9. IP subscribers are not necessarily copyright infringers. Due to the nature of wifi, the infringer could be the subscriber, someone in the subscribers household, a tenant, a visitor, a neighbor, or even someone parked on the street in front of the house. There may not be any correlation between the individual subscriber, the IP address and the infringing activity. The risk of false identification, false accusations, due to disclosure of identities is presented here in the case at bar.

10. The opportunity for individuals other than Doe 52 to access the IP address is too great to support any correlation between Doe 52 and the IP address and the allegedly copyright violation that Plaintiff seeks to recover from.

11. If the mere act of having an internet address can link a subscriber to copy infringement suits, internet subscribers, such as Doe 52 will face untold reputational injury, undue expense, harassment and embarrassment.

12. This is simply an unjustified fishing expedition that will cause reputational injury, prejudice and undue burden to Doe 52, if allowed to proceed. As evidence of that, it is clear that this is not about copyright infringement, but rather "extorting money" out of innocent persons. The attorney for Third Degree Films, Mr. Meier, offered to settle the matter for $2,500.00, without any inquiry into who, what and how the person was involved in the alleged copyright infringement. Doe 52 uses her computer strictly for e-mail and does not know how to download and does not have the capabilities to do so on her particular computer. As the subject of this case is the downloading and distribution of pornographic materials, any disclosure would harm the reputation of the senior citizen, identified as Doe 52.

For these reasons, Doe 52 requests that this Court quash the subpoena served on Comcast in this matter.

    Respectfully Submitted,

    Walter S. Booth
    Attorney for Doe 52
    4520 East West Highway
    Bethesda Office Center
    Suite 700
    Bethesda, Maryland  20814
    (301) 913-0070

## **CERTIFICATE OF SERVICE**

    I, Walter S. Booth, Attorney for Defendant, hereby certify that a copy of the foregoing MOTION TO QUASH has been mailed first class and electronically, to Mike Meier, 4000 Lagato Road, Suite 1100, Fairfax, VA 22033 and Comcast on this _____ day of _____, 2011.

 

                                                                                                 _____
                                                                                                  Walter S. Booth
                                                                                                  Attorney for Doe 52

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND,
SOUTHERN DIVISION
SITTING AT GREENBELT

| | | |
|---|---|---|
| THIRD DEGREE FILMS, INC., | * | |
| Plaintiff | * | |
| | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 11-CV-03006-AW |
| | * | |
| | * | |
| DOES 1-118, | * | |
| | * | |
| Defendants | * | |

## ORDER

In consideration of the Motion to Quash Subpoena by Doe 52 and for good cause shown, it is by this Honorable Court, this _____ day of _____, 20__, hereby;

ORDERED: that the Motion to Quash Subpoena is granted and it is further;

ORDERED: that the subpoena served on Comcast for Doe 52 is hereby quashed.

_____
Judge, United State District Court for the District of Maryland

Cc: Walter S. Booth
Mike Meier